THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SALVADOR BENÍTEZ MÉNDEZ, Defendant and Appellant.

No. 5135. Argued March 13, 1934.—Decided June 26, 1934.

*Fernando B. Fornaris* and *Miguel Bahamonde* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

In this case the complaining witness was a nurse in the Hospital Tricoche of Ponce. The defendant was a physician intern of the hospital. He was a man of great physical force. On the night of the event complained of he went to bed in his room. He summoned the complaining witness and asked her to get him a glass of water, which she did. Then her testimony tended to show that he requested her to place the glass of water well within the room and when she did so he locked the door. Then, according to her, he proceeded forcefully to have sexual intercourse with her. According to her testimony, she struggled with him for about an hour; he gagged her and finally her resistance was overcome and the intercourse took place. She testified that during all this time she was unable to make an outcry. After the event she made no complaint to anyone in the

hospital until the next day when she complained to the director. Then the director ordered an examination of her to be made and found that the intercourse had taken place. In explaining her delay in communicating to anybody in the hospital, the nurse testified that on the day of the event there was nobody there in whom she had sufficient confidence. She was repeatedly cross-examined as to this fact and she testified over and over again that while the nurses in the hospital were her professional friends, they were not her intimate friends, and that she did not regard them as her personal friends. Her testimony in this regard was supported by some of the other testimony in the case. On the same night of the event, the record tended to show that she obtained from one of the other nurses some morphine, found some sublimate and attempted to commit suicide. There was also testimony to the effect that she vomited from the effect of the poisons and that she was put to bed by nurses. A stomach pump or other emetics were applied to her and she was in bed when she made her communications to the director and to one or more of the other nurses. The testimony tends to show that she was sufficiently clear-headed when she complained to the director, but, nevertheless, the inference is that she was suffering from the effects of the whole situation just described.

No question is raised in this appeal as to the sufficiency of the evidence to convict nor of the corroboration of the testimony of the principal witness. The defendant took the stand and testified that the act was voluntary on the part of Ramona Martínez, that her consent was given and no force was used in effect.

██ This is a summary of the principal facts of the case, which neither the appellant nor the Prosecuting Attorney sets forth in his brief. We have been under the necessity of having to summarize the facts ourselves, necessarily subject to additional facts that either of the parties might have suggested ought to have been expressed. We have made various

comments in criminal as well as in civil cases, that there should be a statement of the principal facts of the case, and this appeal is subject to dismissal for failure to comply with that requirement. Nevertheless, we shall consider to a certain extent the assignments of error of the appellant.

Under the facts, therefore, as the defendant took the stand it was simply a matter for the jury to determine who was telling the truth. The possibility always existed that if the prosecuting witness was not telling the truth this was distinctly an issue to be determined by the jury. Therefore, if the errors assigned as to the admission or exclusion or as to the instructions cannot prevail, the judgment must be affirmed.

■ After the examination in chief of the complaining witness one of the first questions that defendant's counsel put to her was whether she had pimples at the time of the event. Now, in point of fact, she testified that she did. The court stopped further examination as to whether she had pimples and the defendant complains of error. The defendant wanted to show that if she had had a fierce struggle, signs of violence might have shown on her face. It would have been perfectly possible, if important, for the defendant to have shown in any way that the face of the complaining witness bore no trace of injury. The whole testimony, as we recall it, tended to show that the complaining witness showed no trace on her body of having suffered external violence. We do not find any error and, if any there was, it was harmless.

■ The second, third, and fourth assignments of error relate to the refusal of the court to permit the defendant to make a physical experiment with her participation to illustrate what might have happened in the struggle between her and the defendant. Counsel tried to suppose certain things, as happening, of which there was no testimony, in order to test the possibility as to how the struggle took place, or something to this effect. The question, as we see it, was in the

nature of a hypothetical one. The court saw no application for it under the facts of this case and we find no error.

There was some conflict between the court and counsel as to whether the witness had testified with regard to her purpose in not communicating with the nurses on the night of the event, but even if the court were mistaken, the error was harmless and the act of the court in preventing further examination was likewise harmless. At this point it would be well to say that we find that the court was extremely patient at the trial of this case. The cross-examination of the principal witness and of some of the other witnesses was unnecessarily long and detailed. Counsel several times requested the witness to tell over and over again immaterial matters which had been testified to in chief. The record for us is a little confused, but we have an idea that the court permitted the question or its equivalent.

The Prosecuting Attorney presented an objection, which the court sustained, to a cross-interrogatory of the defendant as to the conflict between her idea of committing suicide and with the idea of communicating the fact some day to somebody. The form of the question was too elaborate and the court was right in excluding it.

The seventh assignment of error relates to a question of the court more or less in the same field; it cleared up the situation and we find no abuse of discretion.

■■ The eighth, ninth, and tenth assignments of error relate to the action of the court in permitting Doctor Graulán, the director, and other witnesses to tell about the complaint that Ramona Martínez made to them the day after the event and of the details thereof. In discussing these assignments of error the appellant makes no reference to the pages of the record where the testimony was transcribed and the discussion of these errors is in part over a point not included in the assignments. Appellant discusses the extensive details of the complaints made by said witness, which were not the subject of the assignments of error.

As to the eleventh error we have no question that the court was right in saying that defendant, in the cross-examination, was asking questions that ought to have been made in an examination in chief by the defendant himself. Similarly with the twelfth assignment of error.

■■ The thirteenth assignment of error is as follows:

"The court committed a grave error in allowing the prosecuting attorney to introduce in evidence the testimony given by defendant Salvador Benítez Méndez at a trial previously held on the same facts, thus infringing the Constitutional rights of the defendant."

The purpose of the Prosecuting Attorney in presenting the previous declaration was for any admissions that it might contain. The evidence so introduced was not objectionable as compelling the defendant to testify against himself, as he had already voluntarily testified in the previous trial. The two declarations of the defendant did not vary much and what was presented might be considered as accumulative and harmless.

■ The court refused the following prayers:

. "The fact that Ramona Martínez did not show apparent signs of violence establishes the presumption that she consented.

"Among the corroborating circumstances which generally accompany all cases of rape are the apparent signs and traces of the struggle left on the clothes or body of the participants.

"The absence of apparent signs of rape (sic) constitute a strong presumption that Ramona Martínez did not oppose resistance."

We do not find that any one of them was a correct statement of the law. The third paragraph is not correctly copied from the record but perhaps there is no difference in effect.

Under the fifteenth and sixteenth assignments the appellant complains of certain instructions of the court below. If the instructions are read as a whole, we find no real harm in them. In any event, the defendant gave the court no opportunity to correct any slight error it might have made. The jurisprudence of this court is perfectly clear that in order that the defendant may avail himself on appeal of

error in the instructions that is not fundamental, objections and exceptions should have been made in the court below. *People* v. *Maldonado,* 45 P.R.R. 405; *People* v. *Estrella,* 45 P.R.R. 448; *People* v. *Mercado,* 46 P.R.R. 147.

In a part of his brief the appellant alleges that the complaining witness, if pinioned by the defendant, could have moved her head from one side to another, thus preventing herself from being gagged and put herself in the position of making an outcry, but the fact, however, of not making an outcry may be explained in various ways outside of the mere physical impossibility of making such an outcry. The prosecuting witness might have been completely terrified, as some of her testimony tends to show.

We find no evidence of partiality or prejudice in the action of the court below nor error in the refusal to grant a new trial.

The judgment and order appealed from will be affirmed.